UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| NORMA COLLINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> STATE FARM FIRE AND ) <br> CASUALTY CO., ) <br> ) <br> Defendant. ) | Civil Action No. 6: 13-237-DCR <br><br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant State Farm Fire and Casualty Company ("State Farm") has moved for summary judgment on Plaintiff Norma Collins' claims due to the expiration of the contractual statute of limitations. [Record No. 19] The Court agrees that Collins' action is time barred. As a result, the motion will be granted and this matter will be dismissed.

**I.**

On May 20, 2012, a fire damaged Collins' residence in Corbin, Kentucky. At the time of the incident, Collins' residence was covered by a State Farm insurance policy providing coverage for fire loss. [Record No. 19-2] State Farm investigated the cause of the fire and denied Collins' claim by letter dated March 12, 2013. [Record No. 19-3, pp. 2–3] More specifically, it declared Collins' policy void and denied her claim due to her violation of the intentional acts and concealment or fraud provisions of the residential policy. [*Id.*]

There is no dispute that the fire was intentionally set, although the identity of the person or persons who started the fire has not been established.[1] [Record Nos. 20, pp. 94–95]

Collins filed this cause of action in Whitley Circuit Court on September 27, 2013, more than one year after the date of loss. [Record No. 1-2] On November 27, 2013, the matter was removed to this Court based on diversity jurisdiction. [Record No. 1]

**II.**

Summary judgment is appropriate when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008). In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**III.**

"[T]he terms of an insurance contract must control unless they contravene public policy or a statute." *Meyers v. Kentucky Medical Ins. Co.*, 982 S.W.2d 203, 209–10 (Ky. Ct.

---

1   Collins' son, James "Jimbo" Collins and his wife, Thelma Collins, were living at the residence with Collins at the time of the fire. They also understood that the fire was intentionally set. [Record Nos. 21, pp. 85–86; 22, pp. 131–32]

App. 1997). State Farm's insurance policy contains a one year statute of limitations period, which is calculated from the date of loss or damage.

> **Section I - Conditions**
>
> **6. Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

[Record No. 19-2, p. 14]

Kentucky allows foreign insurers such as State Farm to limit the time for commencing a suit by contract, but the limitations period shall not be "less than one (1) year from the time when the cause of action accrues." KRS § 304.14-370. There is an obvious tension between the contract's provision, which uses the date of loss or damage as the beginning of the limitations period, and KRS § 304.14-370, which uses the date that the action accrued. Nonetheless, the Sixth Circuit has held that a one year limitations period following the date of "loss or damage" is reasonable and consistent with KRS § 304.14-370 where the underlying claim arose from a fire loss. *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 405 (6th Cir. 2005) ("Under Kentucky law, it appears, a cause of action for breach of an insurance contract may 'accrue,' in some sense, before the claimant is entitled to sue."); *see Webb v. Kentucky Farm Bureau Ins. Co.*, 577 S.W.2d 17 (Ky. App. 1978); *Elkins v. Kentucky Farm Bureau Mut. Ins., Co.*, 844 S.W.2d 423, 424 (Ky. App. 1992).[2]

---

[2] While not raised by the parties, the Court of Appeals of Kentucky has been critical of *Smith* in a recent decision addressing KRS § 304.14-370 as applied to the accrual of an underinsured motorist ("UIM") claim. *Hensley v. State Farm Mut. Auto. Ins. Co.*, No. 2013-CA-006-MR, 2014 WL 3973115, at *11 n.15 (Ky. App. Aug. 15, 2014). Disagreeing with the Sixth Circuit's reasoning in *Smith*, the court "found no persuasive Kentucky authority suggesting that . . . a cause of action could 'accrue' by agreement before it ripened under the law." *Id.* at *11. That court concluded that "it would fundamentally distort the common law definition of 'accrues' and the legislative intent behind KRS 304.14-370 to allow the insurer to define the accrual date for a UIM breach of contract claim to run from the date of accident or injury." *Id.* The *Hensley* decision is not final. Moreover, the Court finds *Hensley*

Collins argues that the one year limitations period is unreasonable in this circumstance, relying on *Smith*. State Farm did not deny her claim until March 12, 2013. Thus, Collins argues that her cause of action did not accrue until that date, leaving her sixty-eight (68) days to file her Complaint before the contractual limitations period ran on May 20, 2013. Further, Collins argues that she did nothing to delay the investigation of her claim and that she had no indication that State Farm was going to deny it until the denial letter. State Farm notes that Collins signed a "Request for Claim Service and Non-Waiver of Rights" on June 5, 2012, shortly after the fire. [Record No. 24-1] This document stated that "[t]here is a question as to whether the origin and cause of the loss was accidental in nature. . . . [State Farm] may have no obligation to defend or indemnify" Collins for the May 20, 2012 fire. [*Id.*] Further, it provided that State Farm's investigation of the claim would not waive any of the parties' rights. [*Id.*]

Due to the nature of the loss, Collins was able to ascertain her rights under the policy on the date of loss or soon thereafter. *Price v. AgriLogic Ins. Servs., LLC*, Civil Action No. 14-14-DLB-CJS, 2014 WL 389341, at *7–8 (E.D. Ky. Aug. 7, 2014) (finding that a one year contractual limitations period was enforceable regarding a claim brought for crop damage because the plaintiff's rights were ascertainable within a short time after the loss, but the same limitation was not enforceable with respect to a bad faith claim). Collins has not established that the time period in issue was unreasonable and has not provided any basis for

---

distinguishable because it addresses a UIM claim rather than a fire loss claim. *Elkins v. Kentucky Farm Bureau Mut. Ins., Co.*, 844 S.W.2d 423, 424 (Ky. App. 1992) ("[T]he rights under a fire insurance policy can be ascertained on the date of the loss or soon thereafter, and one year is not an unreasonably short time to require that a suit be commenced."). *Smith* will be applied in this instance. *See Price v. AgriLogic Ins. Servs., LLC*, Civil Action No. 14-14-DLB-CJS, 2014 WL 389341, at *7–8 (E.D. Ky. Aug. 7, 2014).

this Court to depart from the guidance of *Smith* in this case. *See Wehr Constructors, Inc. v. Assurance Co. of America*, Civil Action No. 5:11-cv-189-TBR, 2013 WL 6331666, at *8–9 (W.D. Ky. Dec. 5, 2013); *Salyers v. State Farm Fire and Casualty Co.*, Civil No. 14-cv-143-JMH, 2014 WL 3611306 (E.D. Ky. July 22, 2014).

## IV.

The one year statute of limitations provided by the insurance policy is reasonable, consistent with KRS § 304.14-370, and operates to bar Collins' Complaint. Accordingly, it is hereby

**ORDERED** that Defendant State Farm Fire and Casualty Company's motion [Record No. 19] for summary judgment is **GRANTED.**

This 15th day of December, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge